UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| ROBERT W. DEMONBREUM, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 08-198-ART |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| BUREAU OF PRISONS, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Robert W. Demonbreum, currently confined in the Federal Correctional Institution located in Memphis, Tennessee, filed a *pro se* civil rights and tort complaint naming the following defendants: (1) The Federal Bureau of Prisons ("BOP"); (2) Dr. Pablo Cruz; whom Plaintiff identifies as Health Services Administrator at USP-Big Sandy; (3) "Mrs. Sloan," whom Plaintiff identifies as Health Services Administrator at USP-Big Sandy; (4) "Mrs. Leable," whom Plaintiff identifies as Assistant Health Services Administrator at USP-Big Sandy; (5) Mr. "H." Sexauer, whom Plaintiff identifies as a Physician's Assistant at USP-Big Sandy; (6) Mr. "R." Adams, whom Plaintiff identifies as a Correctional Officer at USP -Big Sandy; (7) John Doe Defendant; and (8) Suzanne Hastings, the former warden of USP-Big Sandy. Plaintiff alleges that Defendants failed to provide him with the proper treatment for his medical condition. He claims that Defendants' actions violated his constitutional rights under 42 U.S.C. § 1983 and 28 U.S.C. § 1331. He also asserts that Defendants' omissions constitute negligence under 28 U.S.C. §§ 1346(b), 2671-2680, the Federal Tort Claims Act.

**Initial Screening**

This matter is before the Court for initial screening. *See* 28 U.S.C. § 1915A. Under the screening process prescribed by § 1915A, this Court must dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from defendants who are immune to such relief. *Id.* Because this is a pro se complaint, it is held to less stringent standards than those drafted by attorneys. *See Wagenknect v. United States*, 533 F.3d 412, 415 (6th Cir.2008) (quoting *Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir.1983)). Moreover, at the screening phase, the allegations in a pro se complaint must be taken as true and construed in favor of the plaintiff. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir.2007) (quoting *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir.2003)).

**Factual Allegations**

Plaintiff was confined in USP-Big Sandy from August 17, 2005, until July 2007. R. 2 at 1. Plaintiff states that from October 24, 2006, until December 6, 2006, USP-Big Sandy was in total lock-down status. R. 2 at 5. Plaintiff claims that even prior to the lock-down, he experienced nausea, headaches, body-aches, dizziness, chills, weakness, fever, vomiting, and other complications. *Id.* When these symptoms worsened during the lock-down, Plaintiff complained to the Duty Officer and filed several written Inmate Request forms to Health Services beginning October 25, 2006. *Id.* According to Plaintiff, Defendant Sexauer examined Plaintiff on November 13, 2006, and concluded that his illness was not serious. *Id.* at 6. Plaintiff claims he continued to submit Inmate Request forms (including one to Defendant Leable), and that he never received a response. *Id.*

2

On December 1, 2006, USP-Big Sandy transported Plaintiff to the Emergency Room at Highland Regional Medical Center ("HRMC"). According to his HRMC medical reports, Plaintiff experienced trouble breathing, chest pain, and abdominal pain. R. 2, exh. 1 at 32. HRMC admitted Plaintiff and treated him with various intravenous drugs. *Id*. HRMC determined that Plaintiff had pneumothorax–air or gas present in the pleural lung cavity–and transferred him to University of Kentucky Hospital on December 5, 2006. *Id*. There, doctors performed a thorocotomy, a surgical procedure to open Plaintiff's lung and drain fluid. R. 2, exh. 2. The hospital records state that Plaintiff tolerated the procedure well and recovered in the Intensive Care Unit in stable condition. *Id*.

As part of an unrelated incident, Plaintiff alleges that during a "shake-down" on October 24, 2006, prison officials confiscated his previously dislodged gold molar crown from his living quarters. R. 6, exh. 1 at 4.

**Discussion**

Based on these facts, Plaintiff brings various claims against Defendants in their individual and official capacities. R. 2 at 2. He alleges that Defendants' actions and inactions relating to his medical care violated his Eighth Amendment rights under the United States Constitution. Plaintiff also contends that Defendants impaired his access to an effective administrative remedy system, and the Court construes these allegations as a due process claim under the Fifth Amendment of the United States Constitution. He brings these constitutional claims under 42 U.S.C. § 1983 and 28 U.S.C. § 1331. Additionally, Plaintiff wishes to recover damages from Defendants based on their negligence under the Federal Tort Claims Act ("FTCA"), 28 U.S.C.

§§ 1346(b), 2671-2680. Plaintiff attaches extensive documentation detailing the exhaustion of his administrative remedies. Finally, in his amended complaint, R. 6, Plaintiff raises a separate claim under the FTCA for loss of personal property.

**A. 42 U.S.C. § 1983 claims**

Plaintiff briefly asserts his claims under 42 U.S.C. § 1983, R. 2 at 2. Section 1983 provides relief for deprivations of federal rights by "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any *State*" (emphasis added). Since the named Defendants are federal and not state officials, Plaintiff fails to articulate any cognizable § 1983 claims against Defendants. Thus, the Court dismisses any and all § 1983 claims included in Plaintiff's complaint.

**B. First Amendment Claims**

Plaintiff argues that the BOP violated his First Amendment rights by responding to his medical complaints. Of course, no such right exists under the First Amendment. Since he is *pro se*, however, the Court shall construe his claims liberally. To the extent he is attempting to raise a due process claim regarding the prison complaint procedure, his claim must fail because "there is no inherent constitutional right to an effective prison grievance procedure." *Argue v. Hofmeyer*, 80 Fed. Appx. 427, 430 (6th Cir. 2003), (citing *Hewitt v. Helms*, 459 U.S. 460, 467 (2003)).

**C. Eighth Amendment Claims**

The Court will construe Plaintiff's remaining constitutional claims under 28 U.S.C. § 1331, pursuant to the *Bivens* doctrine. R. 2; *see Bivens v. Six Unknown Federal Narcotics*

*Agents*, 403 U.S. 388 (1971).

### 1. Claim for damages against BOP

The Court dismisses Plaintiff's claim for damages against the BOP, because Plaintiff fails to state a claim upon which relief can be granted. The doctrine of sovereign immunity precludes Plaintiff's attempt to recover damages from the BOP. Federal courts do not have jurisdiction to consider actions for monetary damages against the United States unless sovereign immunity has been waived. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Because the principle of sovereign immunity applies equally to agencies of the United States, agencies are also immune from suit in the absence of a waiver of sovereign immunity. *See Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir.1993) (citing *United States v. Testan*, 424 U.S. 392 (1976)). Therefore, Plaintiff cannot sue the BOP as a federal agency, since Congress has not waived sovereign immunity for constitutional torts.

### 2. Official capacity claims

The Court must also dismiss any claims for damages against Defendants in their official capacities. Plaintiff states that he is suing the defendants "collectively, in their official capacity, for the amount of $15,000,000 US Dollars." R. 2 at 12. These allegations also fail to state a claim upon which relief can be granted because "a *Bivens* claim may not be asserted against a federal officer in his official capacity." *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir.1991). Thus, the Court dismisses these claims.

### 3. Individual capacity claims

At the § 1915A screening phase, this Court must dismiss any claims that are frivolous or

malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Taking Plaintiff's allegations as true, these screening criteria do not provide a basis for dismissing his individual capacity claims against the named Defendants. At this juncture, the Court cannot say that these claims against the named Defendants are frivolous, malicious, or fail to state a claim upon which relief may be granted. Plaintiff alleges named Defendants' involvement in his lack of medical care, R. 2 at 4. His health deteriorated rapidly after USP-Big Sandy health administrators and officials allegedly denied him medical care. R. 2 at 3-4.

Assuming the truth of Plaintiff's allegations, the named Defendants do not receive qualified immunity because it is clearly established that a prisoner's constitutional rights are violated when government officials wrongly deprive the prisoner of medical care. *See DeShaney v. Winnebago Couty Dept. of Soc. Servs* ., 489 U.S. 189, 200 (1989) (citing *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976); *Youngberg v. Romeo*, 457 U.S. 307, 315-16 (1982)). Therefore, the Court will not dismiss Plaintiff's Eighth Amendment individual capacity claims against the named Defendants at this time.

The Court advises Plaintiff that to the extent he refers to "John Doe Defendant," he must name and serve this individual within 120 days. Otherwise, the claims against John Doe Defendant will be dismissed pursuant to the terms of Federal Rule of Civil Procedure 4(m).

**D. FTCA Claims**

Plaintiff also brings suit for damages based on Defendants' negligent omissions regarding his medical care. The FTCA provides a limited waiver of the United States' sovereign immunity

and allows tort claims against the United States "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674 (1994); *Young v. United States*, 71 F.3d 1238, 1241 (6th Cir.1995) ("The Act 'waives sovereign immunity to the extent that state-law would impose liability on a private individual in similar circumstances.'") (citations omitted). It permits an action against the United States for wrongful acts committed by its employees during the course of their employment. *See Fitch v. United States*, 513 F.2d 1013, 1015 (6th Cir.1975). The FTCA contains a strict statute of limitations that bars suit unless a claim is presented to the appropriate federal agency within two years of its accrual and an action is commenced within six months of the agency's denial of the claim. *See* 28 U.S.C. § 2401(b).

**1. Medical FTCA claims**

Plaintiff exhausted his administrative remedies under the FTCA. He filed for administrative remedy with the BOP on January 14, 2008. R. 4, exh.1 at 3-8. The BOP denied his claim on July 31, 2008, R. 4, exh.1 at 1-2, and Plaintiff filed his complaint with this court on October 9, 2008, within six months of the denial.

The Court will not dismiss Plaintiff's medical FTCA claims at this time. Accepting Plaintiffs factual allegations as true as this Court must under § 1915A, Plaintiff asserts sufficient facts to sustain a claim for negligence based on the omissions of the BOP staff during his illness.

**2. Personal property FTCA claims**

Plaintiff exhausted his administrative remedies by filing his FTCA with the BOP on April 30, 2008, R. 6, exh.1 at 3-4. He received a denial on February 3, 2009, R. 6 , exh.1 at 1–2. However, the Court must deny Plaintiff's FTCA claim for recovery of personal property for

failure to state a claim upon which relief can be granted.

The FTCA constitutes a limited waiver of the sovereign immunity enjoyed by the United States, and there are exceptions to the waiver. In particular, 28 U.S.C. § 2680(c) exempts claims "arising in respect of ... the detention of any goods, merchandise, or other property by any officer or customs or excise or any other law enforcement officer...." The Supreme Court held that the phrase "any other law enforcement officer" encompasses BOP corrections officers. *Ali v. Fed. Bureau of Prisons*, 128 S.Ct. 831, 835-36 (2008). Therefore, because Plaintiff's claim pertains to property detained by BOP officers, the claim clearly falls within the § 2680(c) exception, and thus the Court must deny it.

### Conclusion

Accordingly, it is **ORDERED** as follows:

(1)     Plaintiff's personal property claims under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 are **DISMISSED WITH PREJUDICE**.

(2)     Plaintiff's claims under 42 U.S.C. § 1983 are **DISMISSED WITH PREJUDICE**.

(3)     Plaintiff's *Bivens* claims for damages against the Bureau of Prisons are **DISMISSED WITH PREJUDICE**.

(4)     Plaintiff's *official capacity Bivens* claims against: (A) Dr. Pablo Cruz; Health Service Administrator, USP Big Sandy (B) "Mrs. Sloan"; (C) "Mrs. Leable" Assistant Health Service Administrator, USP Big Sandy; (D) Mr. "H." Sexauer Physician Assistant, USP Big Sandy; (E) Mr. "R." Adams Correctional

Officer, USP Big Sandy; (F) John Doe defendant; and (G) Suzanne Hastings, the Former Warden of USP-Big Sandy, are **DISMISSED WITH PREJUDICE**.

(5) Plaintiff's First Amendment *Bivens* claims against (A) Dr. Pablo Cruz; Health Service Administrator, USP Big Sandy (B) "Mrs. Sloan"; (C) "Mrs. Leable" Assistant Health Service Administrator, USP Big Sandy; (D) Mr. "H." Sexauer Physician Assistant, USP Big Sandy; (E) Mr. "R." Adams Correctional Officer, USP Big Sandy; (F) John Doe defendant; and (G) Suzanne Hastings, the Former Warden of USP-Big Sandy, are **DISMISSED WITH PREJUDICE**.

(6) As for the *Bivens* individual capacity Eighth Amendment claims, and negligence claims under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, the Pikeville Clerk's Office shall prepare the documents necessary for service of process upon each of the identified Defendants listed below;

    a. Dr. Pablo Cruz, whom Plaintiff identifies as Health Service Administrator, at USP-Big Sandy;

    b. "Mrs. Sloan," whom Plaintiff identifies as Health Service Administrator, at USP-Big Sandy;

    c. "Mrs. Leable," whom Plaintiff identifies as Assistant Health Service Administrator, at USP-Big Sandy;

    d. Mr. "H." Sexauer, whom Plaintiff identifies as Physician Assistant at

9

        USP-Big Sandy

    e.    Mr. "R." Adams , whom Plaintiff identifies as a Correctional Officer at USP -Big Sandy

    f.    Suzanne Hastings, the former warden of USP-Big Sandy.

(7)    For each identified Defendant, the Clerk shall prepare the necessary number of "Service Packets" consisting of the following documents:

    a.    Completed summons form;

    b.    Complaint [Record No. 2];

    c.    Motion to Amend Complaint [Record No. 6]

    d.    Order of April 29, 2009 [Record No. 7]

    e.    This Memorandum Opinion and Order

    f.    Completed USM Form 285.

If the Clerk is unable to accurately complete any of the documents described above, the Clerk shall set forth the reason in a docket entry.

(8)    For each identified Defendant, the Clerk shall prepare three (3) Service Packets to be provided to the USM Office in Lexington, Kentucky, addressed as follows:

    a.    to the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky;

    b.    to the Office of the Attorney General of the United States in Washington, D.C.; and

  c. for personal service at the BOP Central office in Washington, D.C.

(9) The Pikeville Clerk shall send the required Service Packets for each identified defendant by certified mail to USM Office in Lexington, Kentucky. The Clerk shall enter the certified mail receipt into the record and note in the docket the date that the Service Packet was delivered to the USM Office.

(10) The United States Marshall's Office shall serve each of the identified defendants by:

  a. Sending a Service Packet for each identified defendant by certified or registered mail to the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky;

  b. Sending a Service Packet for each identified defendant by certified or registered mail to the Office of the Attorney General of the United States in Washington, D.C.; and

  c. Personally serving a Service Packet upon the three defendants through arrangement with the Federal Bureau of Prisons.

The USM Office is responsible for ensuring that each defendant is successfully served with process. In the event that an attempt at service upon a defendant is unsuccessful, the USM Office shall make further attempts and shall ascertain such information as is necessary to ensure successful service.

(11) Within 40 days of the date of entry of this Order, the USM Office shall send a Service Report to the Pikeville Clerk's Office, which the Deputy Clerk shall

file in the record, which states whether service has been accomplished with respect to each identified defendant.

    a.    For each defendant to be served by certified mail, the Service Report shall include:

        1.    a copy of the green card showing proof of service; or

        2.    a statement that the green card was not returned from the U.S. Postmaster, along with a "Track-and-Confirm" report from the U.S. Postal Service showing that a proof of delivery does not exist.

    b.    For each defendant to be personally served, the Service Report shall indicate:

        1.    that the defendant was successfully served personally, or

        2.    a statement explaining what efforts are being taken to locate the defendant and accomplish personal service.

(12)    Plaintiff shall immediately advise the Pikeville Clerk's Office of any change in his current mailing address. **Failure to do so may result in dismissal of this case**.

(13)    Plaintiff must communicate with the Court solely through notices or motions filed with the Pikeville Clerk's Office. **The Court will disregard correspondence sent directly to the judge's chambers.**

(14)    For every further pleading or other document he wishes to submit to the

Court, Plaintiff shall serve upon each Defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document. Plaintiff shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each defendant or counsel. **If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk, or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.**

(15)  Plaintiff is advised that to the extent he refers to "John Doe Defendant," he must name and serve them within 120 days. Otherwise, the Court will dismiss these claims pursuant to the terms of Federal Rule of Civil Procedure 4(m).

(16)  The Court also **DISMISSES** Plaintiff's motion to ascertain status, R. 8, as moot. The Court apologizes for the delay in reviewing Plaintiff's case.

This the 30th Day of October, 2009.

Signed By:
*Amul R. Thapar* AT
United States District Judge