UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 08-CV-198-KSF

ROBERT W. DEMONBREUM                                                PLAINTIFF

VS:                  **MEMORANDUM OPINION AND ORDER**

BUREAU OF PRISONS, *et al*.                                    DEFENDANTS

\*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*

The Court considers *pro se* Plaintiff Robert W. Demonbreum's pleading, R. 54, docketed as a "Motion for Order for USM [United States Marshal's Service] to Serve Defendant with Summons," and the prior Order, R. 47, directing Demonbreum to effectuate service of process on the three remaining defendants in this action by October 29, 2010. For the reasons set forth below, the Court will deny Demonbreum's motion for service and dismiss his constitutional and negligence claims against the three remaining defendants.

**BACKGROUND**

On October 9, 2008, Demonbreum filed this action asserting claims under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). Demonbreum alleged that the Defendants, all employees of the United States Penitentiary-Big Sandy ("USP-Big Sandy") in Inez, Kentucky, violated his Eighth Amendment rights by being deliberately indifferent to his serious medical needs, and violated his Fifth Amendment rights by denying him due process of law during the administrative remedy process. Demonbreum also alleged that the medical staff rendered negligent medical treatment to him in violation of the Federal Tort Claims Act, 28 U.S.C. § 1346(b), § 2671- 2680 ("FTCA").

On March 19, 2010, the defendants collectively filed a motion to dismiss, or in the alternative, for summary judgment, on the *Bivens* claims and the FTCA claims. After the plaintiff responded and the defendants replied, the Court entered summary judgment in favor of defendants Sherry Slone, Henry F. Sexauer, Samiran Bhadra, and Suzanne Hastings with respect to the *Bivens* and FTCA claims. R. 47, p. 13, ¶ 1. Because defendants Rodney Adams, Dr. Pablo Cruz, and "Mrs." Leable (first name unknown) had not been served with process, the Court gave Demonbreum until Friday, October 29, 2010, to have them served with process. *Id*., p. 12, ¶ 2. Demonbreum filed an interlocutory appeal of the Order granting summary judgment in favor of Slone, Sexauer, Bhadra, and Hastings. R. 50. That appeal, Case No. 10-6178, is pending in the Sixth Circuit Court of Appeals.

As of this date, the three remaining defendants have not been served with process. In his current submission, Demonbreum requests the USM to re-serve the defendants with process, noting that prior efforts to do so had been unsuccessful.

## DISCUSSION

Demonbreum's construed motion will be denied for two reasons. First, Demonbreum did not certify that he mailed a copy of the motion to counsel for the defendants, in disregard of two prior Orders directing him to certify service of all pleadings on opposing parties or their counsel of record. *See* R. 9, pp. 12-13, ¶ 14 (10/30/09); R. 25, p. 5, ¶ 12 (1/19/10). In both Orders, the Court specifically advised Demonbreum as follows:

> **If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk, or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.**

*Id*. (Bold emphasis in both originals).

Second, assuming that Demonbreum had properly served his construed motion on the defendants, he is not entitled to the relief he seeks, *i.e.*, an order directing the USM to serve the three remaining defendants. In their motion to dismiss, the defendants argued that because Cruz, Leable, and Adams had not been served with process, the Eighth Amendment *Bivens* claims against them should be dismissed for failure to serve process under Fed. R. Civ. P. 4(m).

The defendants noted that Cruz no longer worked for the Federal Bureau of Prisons, which is substantiated by the USM's Unexecuted Return of Service as to Cruz. *See* R. 16. The Defendants also argued that Demonbreum did not properly identify Leable, and that according to the Declaration of Theda Mobely, Employee Services Manager at USP-Big Sandy, there is no record of an employee by the name of "Leable" having ever worked at USP-Big Sandy.[1]

It is the plaintiff's responsibility to provide the Court with information sufficient to allow the United States Marshal's Office to serve a defendant. *Byrd v. Stone*, 94 F.3d 217 (6th Cir. 1997). With the generous extension of time provided in the September 1, 2010, Order, Demonbreum had until October 29, 2010, to provide the USM with information to enable it to serve Cruz, Leable, and Adams. Demonbreum's failure to provide the necessary information has prevented the USM from serving Cruz, Leable, and Adams.

Dismissal is permitted where a plaintiff has failed to effect service within 120 days

---

[1] The Defendants speculated that "Mrs. Leable" might be Francisca Terrero-Leibel, Quality Improvement and Infection Control Coordinator for the Federal Correctional Institution located in Fort Dix, New Jersey. They noted that Ms. Terrero-Leibel was previously employed as the Health Services Administrator for USP- Big Sandy. R. 38, p. 3, n.3.

3

without good cause. *See* Fed. R. Civ. P. 12(b)(5); *Nafzinger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521-22 (6th Cir. 2006); *Young v. FSA*, No. 4:07CV-117-M, 2010 WL 583651, at \*\*1-2 (W.D. Ky. Feb. 16, 2010) (dismissing complaint where plaintiff served federal agency but not United States Attorney's Office or Attorney General within 120 days). "Establishing good cause is the responsibility of the party opposing the motion to dismiss . . . and 'necessitates a demonstration of why service was not made within the time constraints.'" *Nafzinger*, 467 F.3d at 521 (quoting *Habib v. Gen'l Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994)).

Neither Cruz nor Leable have been served with process within the 120-day window required under Federal Rules of Civil Procedure 4(e) and (m). Demonbreum has not shown good cause for failing to serve these defendants. Therefore, as neither Cruz nor Leable are before the Court, the *Bivens* and FTCA claims against them will be dismissed. *See Cosgrove v. Bureau of Prisons*, No. 7:09–CV-64-KKC (E.D. Ky.) (*See* Order, R. 20, p. 8) (dismissing claims against federal defendants upon whom service of process had not been effectuated).

To the extent that Demonbreum could be requesting that the USM affirmatively locate the current whereabouts of Cruz, Leable, and Adams, that request will be denied. Some circuits require served defendants to provide names and addresses of unserved defendants if they possess the information, but in this circuit, a district court is not obligated to order a defendant to provide either the names or addresses of other defendants who cannot be located in order to effectuate service. *Fritts v. Siker*, 232 F. App'x 436, 444 (6th Cir. 2007) ("This Court has never imposed an obligation on district courts to actively seek out the address of a defendant so that service can be effectuated and declines to do so in this instance."). *Fitts* cited *Holleran v. Baker*, 109 F.

4

Appx 830, 831 (8th Cir. 2004), which held that dismissal without prejudice of an inmate's § 1983 complaint against a former jail official was not an abuse of discretion. The *Holleran* court noted that the summons had been returned unexecuted because the official was no longer employed with the county, and that the inmate had failed to comply with the order directing him to provide the official's correct address. *Id*.

Finally, the Defendants noted in their motion to dismiss that Adams had not been served with process under Rule 4(e). As Adams was not served with process within the 120-day window required under Federal Rule of Civil Procedure 4(m), he also is technically not before the Court. For that reason alone, the Court will dismiss the claims against him without prejudice.

The Court notes one other issue relevant to Adams. Demonbreum did *not* allege in his Complaint that Adams was personally involved in either the alleged denial of medical treatment or in the allegedly ineffective administrative grievance process at USP-Big Sandy; he merely listed Adams as a defendant in this action. Despite the lack of proper service of process on him, Adams nevertheless submitted a Declaration on his behalf, R. 38-6, denying any personal involvement in either Demonbreum's medical treatment or decisions relating to his administrative grievances. In his response to the motion to dismiss, Demonbreum neither addressed nor refuted Adams' Declaration.

A *Bivens* claim requires the plaintiff to allege, and show, that the defendant was "personally involved" in the alleged constitutional violations. *Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976); *Bennett v. Schroeder*, 99 F. App'x. 707, 712-13 (6th Cir. 2004); *Salehpour v. University of Tennessee*, 159 F.3d 199, 206 (6th Cir. 1998); *Copeland v. Machulis*, 57 F.3d 476,

5

481 (6th Cir. 1995). Thus, it appears that even if Adams had been served with process, there would be no genuine dispute that Adams was not personally involved in the alleged events. As such, Adams would most likely have no personal or individual-capacity liability to Demonbreum under either the Fifth or Eighth Amendments of the United States Constitution.

**CONCLUSION**

Accordingly, **IT IS ORDERED** as follows:

(1) Plaintiff Robert W. Demonbreum's "Motion for Order for USM [United States Marshal's Service] to Serve Defendant with Summons," R. 54, is **DENIED**;

(2) Plaintiff Robert W. Demonbreum's individual capacity Fifth and Eighth Amendment *Bivens* claims against Dr. Pablo Cruz, "Mrs." Leable, and Rodney Adams are **DISMISSED WITHOUT PREJUDICE** for failure to effect service, pursuant to Federal Rule of Civil Procedure 4(m);

(3) Plaintiff Robert W. Demonbreum's FTCA claims against Cruz, Leable, and Adams are **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 4(m); and

(4) Judgment will be entered contemporaneously with this Memorandum Opinion and Order in favor of Dr. Pablo Cruz, "Mrs." Leable, and Rodney Adams.

This January 3, 2011.



Signed By:
*Karl S. Forester* KSF
**United States Senior Judge**